## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MALLINCKRODT PLC, et al.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-12522 (JTD)<br><br>(Jointly Administered) |
| Kenneth Greathouse, Stuart Rose, and Lloyd Glenn,<br><br>        *Appellants*,<br><br> v.<br>Mallinckrodt plc, et al.,<br><br>        *Appellees.* | Civil Action No. 22-cv-00333 (TLA)<br><br>Bankruptcy Case No. 20-12522 (JTD) |

## JOINT MOTION TO INTERVENE

The Governmental Plaintiff Ad Hoc Committee, the Multi-State Governmental Entities Group (the "**MSGE Group**"), the Future Claimants' Representative (the "**FCR**"), and the Official Committee of Opioid Related Claimants (the "**OCC**")[1] (together with the Governmental Plaintiff Ad Hoc Committee, the MSGE Group, and the FCR, the "**Proposed Intervenors**") hereby submit this joint motion (the "**Motion to Intervene**") for an order granting the Proposed Intervenors leave to intervene in the above-referenced bankruptcy appeal (the "**Appeal**") of the *Findings of Fact, Conclusions of Law, and Order Confirming Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates under Chapter 11 of the*

---

[1] Both the Governmental Plaintiff Ad Hoc Committee and the MSGE Group file this Motion to Intervene exclusively on their own behalf and do not assume any fiduciary or other duties to any other entity or individual.

13561693.v1

*Bankruptcy Code* [Bankr. Dkt. No. 6660] (the "**Confirmation Order**") entered in the bankruptcy cases (the "**Chapter 11 Cases**") of Mallinckrodt plc and its affiliates (the "**Debtors**").

## PRELIMINARY STATEMENT

1. The Proposed Intervenors have a direct and substantial stake in the outcome of this Appeal. The subject of the Appeal is the Bankruptcy Court's order confirming the Debtors' plan of reorganization (the "**Plan**"), which contains a comprehensive balance sheet restructuring of the Debtors' businesses, including a settlement of the Debtors' trillions of dollars of opioid liabilities, and was negotiated by the Proposed Intervenors and the Debtors (among others). The Proposed Intervenors represent the estate fiduciary appointed to represent the interests of opioid claimants (in the case of the OCC), a fiduciary appointed to represent the interest of future opioid claimants, as future opioid claims are described in the order appointing the FCR (in the case of the FCR), and ad hoc groups representing the interests of thousands of governmental opioid claimants (in the case of the Governmental Plaintiff Ad Hoc Committee and the MSGE Group). In sum, the Proposed Intervenors constitute the single largest creditor constituency in these Chapter 11 Cases.

2. The Governmental Plaintiff Ad Hoc Committee and the MSGE Group are also parties to a restructuring support agreement with the Debtors, pursuant to which they negotiated and agreed to support a balance sheet restructuring of the Debtors' businesses, including the settlement of the Debtors' opioid liabilities (as has been amended from time to time, the "**Initial Opioid Settlement**"). The OCC, the Governmental Plaintiff Ad Hoc Committee, the FCR, and the MSGE Group also negotiated a "Global Opioid Settlement" (as documented in that certain term sheet, dated September 3, 2021 [Bankr. Dkt. No. 4121]), which amends the terms of the Initial Opioid Settlement and settles all issues as between such parties and the Debtors regarding consideration to be provided to opioid claimants (the "**Global Opioid Settlement**"), which was

2
13561693.v1

incorporated into the Plan approved by the Confirmation Order. A reversal of the Confirmation Order would put at risk the Global Opioid Settlement, derail years of negotiations, and potentially prevent more than $1 billion of funding being put to use for abatement of the opioid epidemic.

3. The Proposed Intervenors participated actively in the Plan confirmation proceedings below:

- The Governmental Plaintiff Ad Hoc Committee filed a reply in support of confirmation of the Plan [Bankr. Dkt. No. 5006], introduced testimony (via declaration) of three witnesses in support of confirmation of the Plan – Jayne Conroy [Bankr. Dkt. No. 5314], John M. Guard [Bankr. Dkt. No. 5318], and Gary Gotto [Bankr. Dkt. No. 5316] – and spoke in support of confirmation of the Plan. Hr'g Tr. January 3, 2022, 129:9-140:15 [Bankr. Dkt. No. 6052].

- The MSGE Group filed a reply in support of confirmation of the Plan [Bankr. Dkt. No. 5009], introduced testimony (via declaration) of a witness in support of confirmation, J. Gerard Stranch IV [Bankr. Dkt. No. 5352], and spoke in support of confirmation of the Plan. Hr'g Tr. January 3, 2022, 140:18-150:9 [Bankr. Dkt. No. 6052].

- The FCR filed a reply in support of confirmation of the Plan [Bankr. Dkt. No. 4989], introduced live testimony of a witness, Roger Frankel, in support of confirmation of the Plan, Hr'g Tr. Dec. 8 2021, 60:12-79:23 [Bankr. Dkt. No. 5731], and spoke in support of confirmation of the Plan. Hr'g Tr. January 3, 2022, 150:13-160:25 [Bankr. Dkt. No. 6052].

- The OCC filed a reply in support of confirmation of the Plan [Bankr. Dkt. No. 5010], introduced testimony (via declaration) of a witness in support of confirmation of the Plan, Michael Atkinson [Bankr. Dkt. No. 5011], and spoke in support of confirmation of the Plan. Hr'g Tr. January 3, 2022, 161:19-172:18 [Bankr. Dkt. No. 6052].

4. Despite the Proposed Intervenors' stake in this Appeal and their active participation in the Plan confirmation proceedings below, the Appellants did not name them as parties to this Appeal. While the Proposed Intervenors assert that they are proper appellees to this Appeal as of right, having actively participated in the Plan confirmation proceedings below, the Proposed Intervenors jointly file this motion for leave to intervene as appellees under Bankruptcy Rule 8013(g) out of an abundance of caution. **The Appellants have confirmed that they have no objection to the Proposed Intervenors' intervention in this appeal.** While this motion is made

3

on a joint basis for the sake of judicial efficiency, the Proposed Intervenors are seeking leave to intervene independently of each other.

## BACKGROUND

### FACTUAL BACKGROUND

5. Prior to the commencement of their Chapter 11 Cases, the Debtors engaged in extensive negotiations with certain parties representing holders of opioid claims against the Debtors, including the Governmental Plaintiff Ad Hoc Committee, over the terms of a consensual and comprehensive restructuring of the Debtors' liabilities, including their opioid liabilities. Those discussions culminated in the entry of a restructuring support agreement (as amended, modified and/or supplemented, the "**RSA**") among the Debtors, the Governmental Plaintiff Ad Hoc Committee, and the MSGE Group, among others, by which the parties agreed to the terms of a global restructuring of the Debtors' opioid and financial liabilities.

6. The RSA reflects support from, among others, attorneys general for 50 (out of 56) U.S. states and territories, more than 3,300 municipalities, Indian tribes and other public opioid claimants. The RSA was the foundation of the Initial Opioid Settlement and later the Global Opioid Settlement, which is embodied in the Plan. Through the Global Opioid Settlement, the Debtors' opioid liabilities will be channeled to various trusts, and the Debtors will contribute $1.725 billion in cash, as well as certain other assets (including potentially valuable rights to certain causes of action and insurance) to fund distributions to opioid claimants, which will be used to fund abatement of the opioid epidemic and personal injury victim compensation. The Global Opioid Settlement is a centerpiece of the Debtors' restructuring, and a cornerstone of the Plan.

7. On October 13, 2021, the Appellants filed *The Glenridge Principals' Objection to the First Amended Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates*

4

*Under Chapter 11 of the Bankruptcy Code* [Bankr. Dkt. No. 4701]. On October 26, 2021, the Proposed Intervenors each filed replies in support of confirmation of the Plan [Bankr. Dkt. Nos. 4989, 5006, 5009, 5010]. On November 1, 2021, the Appellants filed *The Glenridge Principals' Supplemental Objection to the UCC Settlement and First Amended Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Bankr. Dkt. No. 5104].

8. The confirmation hearing began on November 1, 2021 and continued through January 6, 2022. As noted in paragraph 3 above, each of the Proposed Intervenors appeared at the confirmation hearing and submitted briefing, evidence and argument in support of confirmation of the Plan. The Appellants argued against confirmation of the Plan. After hearing oral argument, the Bankruptcy Court issued an opinion confirming the Plan on February 3, 2022 [Bankr. Dkt. No. 6347], and on March 2, 2022, the Bankruptcy Court entered the Confirmation Order approving the Plan.

9. On March 16, 2022, the Appellants filed a notice of Appeal of the Confirmation Order, which was docketed in this Court on the same day [Dkt. No. 2]. The notice of Appeal neglected to identify the Proposed Intervenors as Appellees, notwithstanding the Proposed Intervenors' active participation in the Plan confirmation proceedings from which this Appeal directly relates.

### THE PROPOSED INTERVENORS AND THEIR INTERESTS IN THIS APPEAL

10. Collectively, the Proposed Intervenors — the Governmental Plaintiff Ad Hoc Committee, the MSGE Group, the FCR and the OCC — represent the combined interests of the Debtors' various types of opioid claimants – the single largest creditor constituency in these Chapter 11 Cases. Specifically, the Governmental Plaintiff Ad Hoc Committee consists of (i)

5

seven state attorneys general and (ii) the court-appointed Plaintiffs' Executive Committee in the multi-district litigation captioned *In re National Prescription Opiate Litigation*, Case No. 17-md-02804, MDL No. 2804 (N.D. Ohio). The Governmental Plaintiff Ad Hoc Committee negotiated the RSA (including the Initial Opioid Settlement) which has the support of the attorneys general for 50 U.S. states and territories, all of whom hold opioid claims against the Debtors. The MSGE Group consists of over 1,300 counties, cities, municipalities, tribal nations, hospital districts, independent public school districts, medical groups, and funds across 38 states and territories, all of whom hold opioid claims against the Debtors and are likewise parties to the RSA. The OCC is the official statutory creditors' committee, formed by the Office of the U.S. Trustee for Region 3 pursuant to 11 U.S.C. § 1102 to represent the interests of all opioid claimants, generally, including, but not limited to, personal injury victims, children born with Neonatal Abstinence Syndrome, and their parents/guardians, hospitals, third-party payers, public school districts, and emergency room physicians. [Bankr. Dkt. No. 308]. The FCR was appointed by the Bankruptcy Court to represent the interests of future opioid personal injury claimants, as those claimants are described in the order appointing the FCR [Bankr. Dkt. No. 2813].

11. The Bankruptcy Court confirmed the Plan, and by extension, approved the Global Opioid Settlement. Preparations for consummation of the Plan are underway, and the Debtors are seeking the necessary approvals in foreign courts in order to effectuate the Plan and the Global Opioid Settlement and put much needed funds to work abating the opioid epidemic and providing compensation to personal injury victims (including children born with Neonatal Abstinence Syndrome). Were the Court to overturn the Confirmation Order, or aspects of the Confirmation Order relating to the Global Opioid Settlement, the Plan, including the Global Opioid Settlement

6
13561693.v1

itself, could be at risk. Such an outcome would be to the detriment of all the Debtors' stakeholders; but most notably, the Proposed Intervenors and the opioid claimants they represent.

12. While the Proposed Intervenors believe they are entitled to participate in this Appeal as of right given their active participation below in support of confirmation of the Plan, the Proposed Intervenors submit this Motion to Intervene in an abundance of caution to ensure that they are able to participate fully in these appellate proceedings to protect their interests, however they may be implicated.

## ARGUMENT

13. Rule 8013(g) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") sets forth the requirements for an entity seeking to intervene in a bankruptcy appeal pending before the District Court.[2] A motion for leave to intervene must be filed within 30 days of the docketing of the relevant appeal and must state: (i) the movant's interest, (ii) the grounds for intervention, (iii) whether intervention was sought in the bankruptcy court, (iv) why intervention is being sought at this stage of the proceeding, and (v) why participating as an amicus curiae would not be adequate. District courts have recognized a broad right of creditors to intervene in appeals of bankruptcy court orders. *See, e.g., Official Committee of Unsecured Creditors v. Constellation Enterprises LLC (In re: Constellation Enterprises LLC)*, 587 B.R. 275, 285 (D. Del. 2018) (observing that, under Bankruptcy Rule 8013(g), "[a]ny creditor could have . . . sought to intervene in the appeal"). Under these standards, the Proposed Intervenors' intervention in this Appeal is amply warranted.

14. *Filing Within 30 Days.* The Confirmation Order was entered on March 2, 2022.

---

[2] Bankruptcy Rule 8013(g) is based on, but is not identical to, Federal Rule of Appellate Procedure 15(d). *See* Collier on Bankruptcy ¶ 8013.11 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

The Appellants filed a notice of appeal of the Confirmation Order on March 16, 2022 [Bankr. Dkt. No. 6786]. The Appeal was docketed in this Court on March 16, 2022. *See* Notice of Docketing of Appeal [Dkt. No. 2]. This Motion to Intervene is being filed within 30 days of March 16, 2022, and is therefore timely.

15. *Movant's Interest.* The relief sought in this Appeal directly pertains to the Proposed Intervenors. The Proposed Intervenors are supportive of the Plan and the Confirmation Order, having submitted briefing, evidence and argument in support thereof below. The Appellants seek to overturn the Confirmation Order approving the Plan. If the Appellants are successful, it could undermine and derail the Plan and the settlements embodied therein to the detriment of the constituencies represented by the Proposed Intervenors.

16. *Grounds for Intervention.* Given the Proposed Intervenors' direct and substantial stake in this Appeal, as well as their participation in the proceedings below, an order permitting the Proposed Intervenors to participate directly in this Appeal as appellees will serve the interests of justice and of sound judicial administration.

17. *Intervention Was Sought in the Bankruptcy Court.* As noted, the Proposed Intervenors participated actively in both briefing and oral argument below, and submitted evidence in support of confirmation of the Plan. As parties in interest, they were entitled to participate in the proceedings below under section 1109(b) of the Bankruptcy Code without the need for an intervention motion or any order authorizing their intervention. *See, e.g., In re Global Indus. Tech.*, 645 F.3d. 201, 210-11 (3d Cir. 2011) (finding that section 1109(b) allows "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding" to "appear and be heard") (internal citations omitted).

18. *Intervening at the Current Stage.* No substantive activity on the merits has occurred

13561693.v1

since the docketing of this Appeal. Consequently, no parties would be prejudiced by the timing of this Motion to Intervene.

19. *Participation as Amicus Curiae is Inadequate.* Given the Proposed Intervenors' participation in the proceedings below, as well as their direct stake in this Appeal, they should not be required to seek leave of court to participate in this appeal as an *amicus* under Bankruptcy Rule 8017. Nor should their participation be subject to the limits applicable to *amici*, including their inability to appeal an adverse ruling, *see Waste Management of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995), as well as the limits imposed by Bankruptcy Rule 8017 on the length of briefs and the right to participate in oral argument.[3] However, in an effort to reduce expenses, the Proposed Intervenors will agree that (i) if they file any brief in this Appeal, it would be a joint brief between each of the Proposed Intervenors, and (ii) they will endeavor to avoid duplicating the Debtors' legal arguments.

WHEREFORE, for the foregoing reasons, the Proposed Intervenors respectfully request that the Court enter the proposed order attached hereto as **Exhibit A**, granting them leave to intervene as appellees and granting such other relief as is necessary and proper.

---

[3] In the event the Court does not grant leave to intervene under Bankruptcy Rule 8013(g), the Proposed Intervenors respectfully request leave to file briefs as amicus curiae under Bankruptcy Rule 8017.

13561693.v1

Dated: April 15, 2022

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Kenneth H. Eckstein, Esq.
Philip Bentley, Esq.
Daniel M. Eggermann, Esq.
Megan M. Wasson, Esq.
1177 Avenue of the Americas
New York, NY 10036
Phone: (212) 715-9100
E-mail: keckstein@kramerlevin.com
E-mail: pbentley@kramerlevin.com
E-mail: deggermann@kramerlevin.com
E-mail: mwasson@kramerlevin.com

**GILBERT LLP**
Scott D. Gilbert, Esq.
Kami E. Quinn, Esq.
Emily P. Grim Esq.
700 Pennsylvania Ave., SE
Suite 400
Washington, DC 20003
Phone: (202) 772-2200
E-mail: gilberts@gilbertlegal.com
E-mail: quinnk@gilbertlegal.com
E-mail: grime@gilbertlegal.com

**MORRIS JAMES LLP**
*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (Bar No. 4159)
Eric J. Monzo (Bar No. 5214)
Brya M. Keilson (Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Phone: (302) 888-6800
E-mail: Jwaxman@morrisjames.com
E-mail: Emonzo@morrisjames.com
E-mail: Bkeilson@morrisjames.com

**BROWN RUDNICK LLP**
David J. Molton, Esq.
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
E-mail: dmolton@brownrudnick.com

Eric R. Goodman, Esq.
601 Thirteenth Street NW, Suite 600
Washington, DC 20005
Phone: (202) 536-1740
E-mail: egoodman@brownrudnick.com

*Counsel for the Governmental Plaintiff Ad Hoc Committee*

| | |
|---|---|
| **SEITZ, VAN OGTROP & GREEN, P.A.**<br>*/s/ James S. Green, Jr.*<br>R. Karl Hill (DE 2747)<br>James S. Green, Jr. (DE 4406)<br>222 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801 Tel: (302) 888-0600<br>Fax: (302) 888-0606 E-mail:<br>khill@svglaw.com E-mail:<br>jsgreen@svglaw.com | **CAPLIN & DRYSDALE, CHARTERED**<br>Kevin C. Maclay, Esq. (admitted pro hac vice)<br>Todd E. Phillips, Esq. (admitted pro hac vice)<br>Kevin M. Davis, Esq. (admitted pro hac vice)<br>George M. O'Connor, Esq. (admitted pro hac vice)<br>One Thomas Circle, NW, Suite 1100<br>Washington, D.C. 20005<br>Tel: (202) 862-5000<br>Fax: (202) 429-3301<br>E-mail: kmaclay@capdale.com<br>E-mail: tphillips@capdale.com<br>E-mail: kdavis@capdale.com<br>E-mail: goconnor@capdale.com<br><br>*Counsel to the Multi-State Governmental Entities Group* |
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>*/s/ James L. Patton, Jr.*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Edwin J. Harron (No. 3396)<br>Jaime Luton Chapman (No. 4936)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>E-mail: jpatton@ycst.com<br>E-mail: rbrady@ycst.com<br>E-mail: eharron@ycst.com<br>E-mail: jchapman@ycst.com | **FRANKEL WYRON LLP**<br>Richard H. Wyron<br>2101 L Street, NW, Suite 800<br>Washington, DC 20037<br>Telephone: (202) 367-9127<br>Email: rwyron@frankelwyron.com<br><br>*Counsel to the Future Claimants' Representative* |

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| /s/  *Justin R. Alberto* | Arik Preis |
| Justin R. Alberto (No. 5126) | Mitchell P. Hurley |
| 500 Delaware Avenue, Suite 1410 | Sara L. Brauner |
| Wilmington, Delaware 19801 | Edan Lisovicz |
| Tel: (302) 652-3131 | Theodore James Salwen |
| Fax: (302) 652-3117 | One Bryant Park |
| jalberto@coleschotz.com | New York, New York 10036 |
| | Tel: (212) 872-1000 |
| | Fax: (212) 872-1002 |
| | apreis@akingump.com |
| | mhurley@akingump.com |
| | sbrauner@akingump.com |
| | elisovicz@akingump.com |
| | jsalwen@akingump.com |

*Counsel to the OCC*